******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ROBERT H.*
(SC 19841)

Palmer, McDonald, Robinson, D'Auria, Mullins,
Kahn and Vertefeuille, Js.**

*Syllabus*

Convicted of two counts of the crime of risk of injury to a child, and
found to be in violation of his probation, the defendant appealed to
the Appellate Court from the trial court's judgments, claiming that his
conviction on one of the two risk of injury counts violated the corpus
delicti rule insofar as statements that he had made to the police were
the only evidence that he committed the misconduct giving rise to his
conviction on that count. The Appellate Court affirmed the trial court's
judgments, concluding that, because corpus delicti is an evidentiary
rule, the defendant's claim was unreviewable on the ground that he
failed to raise the corpus delicti issue or challenge the admissibility of
his statements at trial. On the granting of certification, the defendant
appealed to this court, claiming, inter alia, that the Appellate Court
incorrectly concluded that corpus delicti is a rule of admissibility and,
therefore, that his claim was unreviewable. *Held* that the resolution of
the defendant's appeal was controlled by this court's decision in *State*
v. *Leniart* (333 Conn. 88), in which the court concluded that the corpus
delicti rule is a hybrid evidentiary-substantive rule that implicates a
defendant's fundamental right not to be convicted in the absence of
evidence sufficient to establish every essential element of the charged
crime beyond a reasonable doubt and that even unpreserved corpus
delicti claims are reviewable on appeal; accordingly, this court reversed
the Appellate Court's judgment and remanded the case to that court for
full consideration of the merits of the defendant's corpus delicti claim.

Argued May 2, 2018—officially released September 10, 2019

*Procedural History*

Substitute information, in the first case, charging the
defendant with three counts of the crime of risk of
injury to a child and two counts of the crime of sexual
assault in the first degree, and information, in the second
case, charging the defendant with violation of probation, brought to the Superior Court in the judicial
district of Hartford, where the first case was tried to
the jury before *Suarez, J.*; verdict of guilty of two counts
of risk of injury to a child; thereafter, the defendant
was presented to the court in the second case on a plea
of guilty; judgments in accordance with the verdict and
the plea, from which the defendant appealed to the
Appellate Court, *Lavine* and *Sheldon, Js.*, with *Flynn,
J.*, dissenting, which affirmed the trial court's judgments, and the defendant, on the granting of certification, appealed to this court. *Reversed*; *further
proceedings*.

*Glenn W. Falk*, assigned counsel, with whom, on the
brief, was *Robert M. Black*, for the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, *John F. Fahey*, senior assistant state's attorney, and *Lisa Herskowitz*, former senior assistant

state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The common-law corpus delicti rule "prohibits a prosecutor from proving the [fact of a transgression] based solely on a defendant's extrajudicial statements." (Internal quotation marks omitted.) *State* v. *Leniart*, 333 Conn. 88, 97, A.3d (2019). Following a jury trial, the defendant in the present case, Robert H., was convicted of two counts of risk of injury to a child, in violation of General Statutes § 53-21 (a) (1), arising from two alleged incidents of sexual misconduct.[1] On appeal, he argued before the Appellate Court that the only evidence that he committed the second alleged act of misconduct were statements he made to the police and, therefore, that his conviction on that count violated the corpus delicti rule. Because the defendant did not raise the corpus delicti issue or challenge the admissibility of his statements at trial, and because the Appellate Court was of the view that corpus delicti is merely an evidentiary rule that must be raised at trial to be reviewable on appeal, that court concluded that his claim was unreviewable.[2] *State* v. *Robert H.*, 168 Conn. App. 419, 422, 146 A.3d 995 (2016). We granted certification, limited to the following question: "Did the Appellate Court properly conclude that the corpus delicti rule is merely a rule of admissibility, in determining that there was sufficient evidence to sustain the defendant's second conviction of risk of injury to a child in violation of . . . § 53-21 (a) (1)?" *State* v. *Robert H.*, 323 Conn. 940, 151 A.3d 845 (2016).

In a companion case that we decide today, we answer that question, concluding that our corpus delicti rule is a hybrid evidentiary-substantive rule that implicates a defendant's fundamental right not to be convicted in the absence of evidence sufficient to establish every essential element of the charged crime beyond a reasonable doubt, and, therefore, even unpreserved corpus delicti claims are reviewable on appeal. See *State* v. *Leniart*, supra, 333 Conn. 110. Accordingly, we reverse the judgment of the Appellate Court and remand the case to that court for full consideration of the merits of the defendant's corpus delicti claim.[3]

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

* In accordance with our policy of protecting the privacy interests of the victims of the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

** The listing of justices reflects their seniority status on this court as of the date of oral argument.

[1] The jury found the defendant not guilty of three other charges that are not at issue in this appeal. Following the jury verdict, the defendant admitted that he had violated his probation in violation of General Statutes § 53a-32. Thereafter, the court sentenced the defendant on all three charges to a total effective term of twenty years incarceration: ten years, concurrently, on each count of risk of injury, and ten years, consecutively, on the violation of probation. The facts and procedural history of this case are set forth in full in the opinion of the Appellate Court. See *State* v. *Robert H.*, 168 Conn.

App. 419, 421–27, 146 A.3d 995 (2016).

 [2] In a dissenting opinion, Judge Flynn opined that (1) corpus delicti claims implicate a defendant's substantive due process rights and, therefore, are reviewable on appeal even if not preserved at trial, and (2) the evidence presented at trial was not sufficient to corroborate the reliability of the defendant's confession as to a second incident of sexual misconduct. See *State* v. *Robert H.*, 168 Conn. App. 419, 435–38, 146 A.3d 995 (2016).

 [3] We recognize that, in a footnote, the Appellate Court majority opined that, had the defendant raised his corpus delicti challenge at trial, that challenge would have failed. See *State* v. *Robert H.*, supra, 168 Conn. App. 430–31 n.10 ("[T]here is substantial evidence tending to corroborate the trustworthiness of the defendant's statements admitting to having [violated § 53-21 (a) (1)] at least twice. . . . Against this background, had the admissibility of the confession been challenged at trial under the [corpus delicti] rule, that challenge would surely have failed. Even if [the victim's] trial testimony and the state's forensic evidence only furnished direct corroboration of the corpus delicti of one crime of risk of injury based upon the defendant's admitted [sexual misconduct], such partial corroboration of his entire statement, under circumstances where he was clearly acting against his own penal interest, undoubtedly tended to produce a confidence in the truth of the other part of the confession." [Citations omitted.]). Nevertheless, we think the Appellate Court should be afforded the opportunity, in the first instance, to fully consider the merits of the defendant's claim in accordance with the standards that we have articulated in *Leniart*.

―――――――――――――――